**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AUSTIN PHELPS, *et al.*, | ) | CASE NO. 1:25-cv-2798 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHIEF U.M.M.A. J HENRY, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Pro se* Plaintiff Austin Phelps ("Phelps") attempts to file a class action complaint on behalf of himself, nine prisoners, and one deceased individual. (ECF No. 1). For the reasons stated within, Phelps' complaint is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff Phelps is hereby **GRANTED** leave to file an amended complaint as to his individual claims by May 13, 2026.

I.      **BACKGROUND**

Phelps, a prisoner in the Mansfield Correctional Institution ("MANCI"), purports to bring a civil rights claim under 18 U.S.C. § 1983 on behalf of himself, nine prisoners, and one deceased individual who was incarcerated at the time of his death. (ECF No. 1, PageID #14). Of those prisoners, only Phelps and three other individuals purportedly signed the complaint, (*Id.* at PageID #13), and only Phelps moved to proceed *in forma pauperis*. (ECF No. 2). In support, Phelps states that he is incarcerated at MANCI and has exhausted all kite, informal complaint, and grievance processes. (*Id.* at PageID #3). Phelps contends the "administration[1] refused to give [him]

---

[1] It is not entirely clear who the Defendants are for Phelps' claim. The complaint lists Chief Unit Manager J. Henry, MANCI Warden Harold May, Deputy Warden of Operations Salas, "AA" Warden Kacy Plank, and the Ohio Department of Rehabilitation and Correction ("ODRC"). (ECF No. 1, PageID #2). The State of Ohio and ODRC Direct Annette Chambers-Smith are also mentioned in the body of the complaint as Defendants but are not identified

protective custody after a PC- Packet was done.  He was told ODRC dose (sic) not provide protective custody for drug addicts and was told no for P.C. protective custody." (*Id.* at PageID #9).  Phelps claims that his life is in danger from three different gangs he identifies as a Bloods affiliated gang, the Gangster Disciples, and the Heartless Felons.  (*Id.*).  Phelps contends that he was assaulted and injured on seven different occasions.  (*Id.*).  Phelps provides no further information about these assaults, including when or where they occurred.  (*Id.*).  In addition to Phelps' factual allegations regarding himself, Phelps states the complaint includes signed statements from two other individuals alleging similar safety concerns.  (*Id.* at PageID #11–12).  Since the filing of the complaint, Phelps submitted a letter to the Court.  (ECF No. 3).  Phelps states that he has again requested protective custody to no avail after an altercation with a gang that resulted in physical injury.  (*Id.*).  Phelps asks the Court to order a preliminary emergency injunction and emergency transfer of the prisoners referenced within the complaint.  (*Id.* at PageID #13).  Phelps further seeks $1,000,000.00 in damages.  (*Id.* at PageID #14).

## II.    LEGAL STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to make any claim with a rational or arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  This occurs when the complaint is premised on an undisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

---

as parties in the case caption, or on the page of the complaint asking for other defendants.  *See* (ECF No. 1, PageID #5).  As explained within, none of the Defendants are mentioned in reference to the events described by Phelps.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A Plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. DISCUSSION

#### A. Class Claims

As an initial matter, Plaintiff improperly attempts to file a class action lawsuit. (ECF No. 1). Phelps and the other prisoners have not satisfied the requirements of Rule 23(a)(4), that "the representative parties will fairly and adequately protect the interests of the class." *Pro se* prisoners are not able to fairly represent a class. *See, e.g.*, *Palasty v. Hawk*, No. 00-5840, 15 Fed. App'x 197, 200 (6th Cir. June 20, 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (6th Cir. 2000)). A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654. For this reason alone, the class claims fail.[2]

---

[2] The Court further notes the following deficiencies: only three prisoners have provided the Court with any factual allegations pertaining to them, only the narratives of Phelps and Byron Harris contain legible signatures, and Phelps is the only Plaintiff to have moved to proceed *in forma pauperis*. (ECF No. 1; ECF No. 2).

3

Accordingly, Phelps cannot represent the other named Plaintiffs, and this action will proceed solely on the claims of Phelps.

### B.  18 U.S.C. § 1983

In the attachments to the complaint, Phelps indicates that he asserts a civil rights action under 18 U.S.C. § 1983, (ECF No. 1, PageID #14), but overall provides little detail as to the legal claim that he is asserting.  Based on the allegations in the complaint, it appears that Plaintiff may be attempting to assert a claim under the Eighth Amendment of the U.S. Constitution.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment protects prisoners by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A prison official violates the Eighth Amendment only when both objective and subjective requirements are met.  *Farmer*, 511 U.S. at 834.  As to the objective requirement, Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Wilson*, 501 U.S. at 298.  Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id*. at 9.  Deliberate indifference is characterized by obduracy

4

or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253–55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834).

Phelps alleges facts that suggest he may meet the objective criteria. Phelps alleges that he is being denied protective custody despite seven different occasions where other prisoners assaulted and injured him. The same cannot be said for the subjective criteria. Phelps does not allege any facts regarding any of the Defendants to connect them to the decision to deny protective custody. He simply states that the "administration" refuses to do anything. (ECF No. 1, PageID #9). Phelps cannot hold a particular Defendant liable for an Eighth Amendment violation without showing that the particular Defendant had personal knowledge of the danger he was in, comprehended the risk of serious harm to him, and personally engaged in actions that demonstrate deliberate indifference towards that risk. *See Flanory*, 604 F.3d at 253–55. Accordingly, Phelps has not met the subjective criteria for an Eighth Amendment claim.

## IV.    CONCLUSION

As stated previously, this action proceeds solely on the claims of Phelps as he is the only claimant properly before this Court. Any potential claims of the other prisoners identified as Plaintiffs in this case are this action are **DISMISSED WITHOUT PREJUDICE**.[3] The claims asserted by Phelps are similarly **DISMISSED WITHOUT PREJUDICE**, under 28 U.S.C. § 1915(e). Plaintiff Phelps is hereby **GRANTED** leave to file an amended complaint as to his

---

[3] If the other prisoners identified in Plaintiffs complaint wish to proceed with a civil rights action, they must file their own complaint, include factual allegations regarding incidents in which they were directly involved, identify legal claims they intend to assert, and either pay the full filing fee or file an Application to Proceed *In Forma Pauperis*.

individual claims by May 13, 2026.  The Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that

an appeal from this decision could not be taken in good faith.[4]

      **IT IS SO ORDERED.**

Date: April 13, 2026

_____

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[4] Phelps' request to proceed *in forma pauperis* will be addressed in a separate order.